USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAM CRUZ, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

-against-

BAR 9 ENTERTAINMENT, CORP.,

      Defendant.

23-CV-03133 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

On May 24, 2024, the Court entered judgment in this action, including "[a]n award of costs and expenses of this action together with reasonable attorneys' and expert fees incurred through November 24, 2023." Dkt. No. 36. On July 26, 2024, Plaintiff's counsel filed an affidavit setting out itemized costs, expenses, and attorneys' fees, totaling $5,927.00. Dkt. No. 39. On August 10, 2024, Defendant's counsel filed a letter objecting to the amount of costs, expenses, and attorneys' fees sought by Plaintiff's counsel, and asked that the award be reduced to $1,917.00. Dkt. No. 40.

For the reasons stated herein, the Court shall award Plaintiff a reduced amount of $2,637.00 for the costs, expenses, and attorneys' fees incurred in this action through November 24, 2023, in addition to the parties' stipulated compensatory damages of $1,000.

### FACTS & PROCEDURAL BACKGROUND

On September 14, 2022, Plaintiff Miriam Cruz initially filed this action in the Eastern District of New York against Defendant Bar 9 Entertainment Corp. ("Bar 9 Entertainment"), alleging Bar 9 Entertainment has failed to design, construct, maintain, and operate their website to be fully accessible and independently usable by Cruz and other blind or visually-impaired persons in violation of the public accessibility requirements of Title III of the Americans with

1

Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 292 *et seq.*; New York State Civil Rights Law, N.Y.C.R.L. § 40 *et seq.*; and New York City Human Rights Law, N.Y.C. Admin. Code § 8-102 *et seq.*.[1] Dkt. No. 1.

On March 31, 2023, Hon. Sanket J. Bulsara ordered Plaintiff to show cause why venue was proper in the Eastern District of New York. On April 10, 2023, Plaintiff filed a letter consenting to the transfer of venue to the Southern District of New York. Dkt. No. 13. On April 14, 2023, this action was transferred to this District, and Hon. Lewis J. Liman was assigned. *See* Dkt. No. 14. The parties appeared for a telephonic initial pretrial conference before Judge Liman on October 2, 2023, and Judge Liman referred the parties to mediation that same day. *See* Dkt. Nos. 17 & 20. On November 1, 2023, Plaintiff filed the First Amended Complaint. Dkt. No. 23 ("Am. Compl.").

On February 26, 2024, the action was reassigned to the undersigned. On March 7, 2024, Plaintiff attempted to file a Notice of Acceptance with Offer of Judgment and Proposed Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, but the filings were deemed deficient by the Clerk's Office. *See* Dkt. Nos. 27 & 28. On March 11, 2024, the Court directed counsel to re-file the Notice of Acceptance with Offer of Judgment and Proposed Judgment, which counsel did on March 13, 2024. *See* Dkt. Nos. 30 & 31. While Defendant objected to the entry of the Proposed Judgment, which did not comport with the Offer of Judgment, the Court dismissed this action on March 21, 2024, *see* Dkt. No. 32, and later, on May 24, 2024, entered the parties' revised proposed judgment. *See* Dkt. No. 36. The judgment included "[a]n award of costs and expenses of this action together with reasonable attorneys' and

---

[1] Although Cruz purported to bring this action on behalf of herself and all others similarly situated, she has not pursued class certification.

expert fees incurred through November 24, 2023." *Id.* On June 24, 2024, the Court ordered the parties to meet and confer over the amount of such an award. Dkt. No. 38. If the parties were unable to reach an agreement, the Court further ordered Plaintiff's counsel to submit an affidavit setting out itemized costs, expenses, and attorneys' fees, and directed Defendant to file any opposition or objection by letter, no later than August 9, 2024. Dkt. No. 38.

On July 26, 2024, Plaintiff's counsel filed a document that is titled "Affidavit of Damages, Fees, and Costs" but is, in effect, merely a one-page itemized invoice, without explanation, averment, or exhibits. *See* Dkt. No. 39 ("Pl. Aff."). Plaintiff sought a total award of $5,927.00 in costs, expenses, and attorneys' fees, in addition to the parties' stipulated $1,000 award of compensatory damages. On August 10, 2024, Defendant's counsel belatedly filed a letter objecting to the amount of costs, expenses, and attorneys' fees sought by Plaintiff's counsel, and asked that the award be reduced to $1,917.00, plus the award of compensatory damages. *See* Dkt. No. 40 ("Def. Ltr."). On August 12, 2024, Plaintiff's counsel filed a letter-response to Defendant's objection, asking the Court to reject Defendant's belated filing. *See* Dkt. No. 41 ("Pl. Ltr. Response"). Plaintiff's counsel otherwise did not substantively respond to the arguments raised in Defendant's letter. *See id.*

## DISCUSSION

The ADA, NYCHRL, and NYSHRL allow a prevailing party to recover reasonable attorneys' fees, including litigation expenses and costs. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f); N.Y. Exec. L. § 297(10).

Defendant has several objections to the costs, expenses, and attorneys' fees sought by Plaintiff's counsel. *First*, as to attorneys' fees, Plaintiff's counsel represents that his hourly rate is $450.00, and that he spent a total of 12 hours working on this action, including, *inter alia*,

3

drafting and filing the summons and complaint (2.5 hours) and meeting with and reviewing a report with an expert (0.5 hours). Defendant contests the reasonableness of Plaintiff's counsel's hourly rate and the hours expended on a variety of bases. *See generally* Def. Ltr. *Second*, as to costs and expenses, Plaintiff seeks costs and expenses in the sum of $977.00, comprised of the filing fee to initiate this action ($402), service of process fee ($75), and an expert report ($500). Defendant concedes the filing fee and service of process fee are accurate and reimbursable but contests the $500 expert report fee. Def. Ltr. at 3. Finally, Defendant does not dispute the $1,000 in compensatory damages stipulated to by the parties. *See* Dkt. No. 36.

Substantially for the reasons stated in Defendant's letter regarding the time expended and the lack of substantiation for an expert, the Court finds that Plaintiff should be awarded a reduced amount of costs, expenses, and attorneys' fees, totaling $2,637.00.[2]

I. **LACK OF CONTEMPORANEOUS RECORDS**

Generally, "a party seeking an award of attorneys' fees must support its request by contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Failure to support a fee application with contemporaneous records generally results in denial of any award." *Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F. Supp. 2d 438, 443 (S.D.N.Y. 2001) (denying an award of attorneys' fees for failure to submit detailed information on how the fees were accumulated). Notwithstanding the requirement of contemporaneous records, the Second Circuit has held that where "[s]tate law

---

[2] Absent any showing of prejudice to Plaintiff, and in light of this Circuit's strong preference for resolving disputes on the merits, the Court shall accept Defendant's letter—which is dated August 9, 2024—and supporting materials, given the delay in filing was only by one day. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993).

creates the substantive right to attorney's fees [such] a right [] cannot be deprived by applying the contemporaneous time records rule adopted in this Circuit." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992). However, even where a court may excuse the mandate for contemporaneous records, the attorney claiming such fees bears the burden of "keep[ing] and present[ing] records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1275 (2d Cir. 1987).

Here, Plaintiff's counsel has not submitted any supporting documentation underlying the nature of the work done by counsel or the amount of time reasonably required to do such work—indeed, the affidavit of costs does not even include a narrative explanation or justification of each line item beyond a short description. While the failure to support the listed costs and fees with contemporaneous records is not fatal as a threshold matter, the lack of supporting evidence heavily weighs against an award of the full amount of costs, expenses, and attorneys' fees requested by Plaintiff's counsel, as discussed further below.

## II.    COSTS AND EXPENSES

Defendant solely contests the $500 expert report fee in Plaintiff's counsel's affidavit, and argues that, in addition to the failure to submit any documentation to support this cost, Plaintiff has not sufficiently justified the need for an expert report. *See* Def. Ltr. at 4. Indeed, as Defendant points out, very "little work was done on this case before the matter was resolved," and the Court does not find any necessity for an expert report, given that the parties settled the case without motion practice or discovery, and Plaintiff's counsel specializes in ADA website litigation and so presumably is able to evaluate cases in the initial stages without need of an expert. *Id.* at 4 n.2.

Accordingly, the Court awards Plaintiff a reduced amount of $477.00 in costs and expenses, comprised of the filing fee to initiate this action ($402) and service of process fee ($75).

### III. ATTORNEYS' FEES

"The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Cruz v. Wide Open Arts, LLC*, No. 23-CV-00103 (HG) (RML), 2023 WL 11845609, at *5 (E.D.N.Y. Aug. 14, 2023) (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-CV-03186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). In assessing the reasonable hourly rate, a court must determine "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). This inquiry is guided by the prevailing market rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 n.11 (1984); *see also Arbor Hill*, 522 F.3d at 190 ("[T]he 'community' for purposes of this calculation is the district where the district court sits.").

The district court should also "assess case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended to reach the presumptively reasonable fee. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010). These case-specific considerations include, "among others, the *Johnson* factors." *Arbor Hill*, 522 F.3d at 186 n.3; *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors for consideration in awarding attorneys' fees), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989).

The *Johnson* factors are as follows: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3.  A court may reduce requested fees if the attorneys' documentation of their hours is vague, or if their requests reflect work that could or should have been completed by a paralegal or secretary. *See Truong v. N.Y. Hotel & Motel Trades Council*, 07-cv-11383, 2011 WL 147689, at *2 (S.D.N.Y. Jan. 12, 2011).

*First*, the Court finds that Plaintiff's counsel's purported hourly rate of $450 is reasonable.  Defendant argues that the prevailing rate in this District for such cases is $400, as of 2021, absent considerations requiring a downward departure. *See* Def. Ltr. at 1–2 (citing *Winegard v. Crain Commn's, Inc.*, No. 20-cv-01509 (AJN), 2021 WL 1198960, at *4 (S.D.N.Y. Mar. 30, 2021)).  Defendant further argues that a $300 hourly rate is more appropriate, which it asserts is the prevailing rate in the Eastern District of New York, given that Plaintiff initially filed this action in that District, and "most of the tasks in [Plaintiff's Affidavit] were seemingly undertaken before the case was transferred to this District on April 12, 2023." *See* Def. Ltr. at 2 (collecting cases); *see, e.g.*, Pl. Aff. (referencing drafting and filing summons and complaint).  However, the Court has previously found Plaintiff's counsel's hourly rate reasonable (indeed, in a case involving the same counsel representing the Defendant), where the calculation of time spent was "conservative." *Toro v. Frame My TV.com, LLC*, No. 23-CV-04863 (MMG), 2024

WL 3305441, at *2 (S.D.N.Y. June 7, 2024). The Court will decline to parse the arguable differences between prevailing rates in adjacent districts and instead focus on the reasonableness of the time spent on a case of this nature to arrive at an overall reasonable sum for attorneys' fees.

*Second*, the Court finds that it was unreasonable for Plaintiff's counsel to expend 12 hours on this action, substantially for the reasons stated in Defendant's letter. As Defendant contends, this is a routine and non-complex ADA website accessibility action—a type of case in which Plaintiff's counsel specializes. *See* Dkt. No. 23; *see also Hwang v. Pertutti N.Y., Inc.*, 705 F. Supp. 3d 88, 91 & n.2 (E.D.N.Y. 2023) (observing that Plaintiff's counsel has filed over one hundred lawsuits in the Eastern District of New York and over one thousand lawsuits in the Southern District of New York on behalf of similarly prolific plaintiffs, in which "[m]any if not all of them use the same complaint template"). The Court agrees with Defendant that Plaintiff's counsel appears to have exaggerated the amount of time that counsel actually took to complete certain tasks, whether by overestimating the actual time or rounding any amount of time to the nearest half-hour. For example, the letter dated April 10, 2023, *i.e.*, Dkt. No. 13, is only three sentences long and simply conveys Plaintiff's consent to transfer of venue of the action from the Eastern District of New York to this District—however, Plaintiff indicates that this task took 30 minutes, which would be $225 for a three-sentence letter. *See* Pl. Aff. Similarly, Defendant has submitted a handful of emails—12 in total—that are primarily non-substantive and logistical in nature, exceeding no more than a sentence or two in length, which Defendant represents are the entirety of the communications that took place between counsel. *See* Def. Ltr. Ex. A. Such correspondence with Defendant's counsel is listed as taking two hours, which the Court finds to be an unreasonable amount of time, given the substance and limited frequency of counsel's

communications. And finally, Plaintiff does not contest Defendant's representation that the appearance on October 2, 2023 before Judge Liman took only 14 minutes, as opposed to one hour, as indicated in Plaintiff's counsel's affidavit. *See* Def. Ltr. at 2–3. Indeed, Plaintiff's letter-response to Defendant's letter does not contest any of the substance of the arguments made. *See generally* Pl. Ltr. Response.

The Court also agrees with Defendant that, assuming the accuracy of other representations as to hours expended, Plaintiff's counsel took an unreasonably long amount of time to complete other tasks. For example, Plaintiff's counsel represents that it took him two-and-a-half hours to draft and file the initial complaint and another two hours to draft the amended complaint. *See* Pl. Aff. Judge Liman directed Plaintiff to file an amended complaint following the October 2, 2023 conference. *See* Oct. 2, 2023 Minute Entry. Plaintiff's counsel only made changes to four paragraphs of the initial complaint, *see* Def. Ltr. at 3, and upon comparing the complaints, the changes appear to be very minimal. For example, paragraph 5 added language from Bar 9 Entertainment's website providing "reservation services" and Bar 9 Entertainment's specialty in "music shows"—none of the changes are time-consuming or particularly substantive. *Compare* Compl. ¶ 5 *with* Am. Compl. ¶ 5. Similarly, Plaintiff's counsel represents that he spent two hours on a letter-response (Dkt. No. 11) to Defendant's pre-motion letter. *See* Pl. Aff. The letter-response is two pages, and includes only one paragraph with one legal case citation substantively responding to Defendant's then-anticipated basis for its motion to dismiss. *See* Dkt. No. 11. Given the nature of the letter-response, the Court finds that it was unreasonable for Plaintiff's counsel to spend two hours drafting and/or researching the letter-response.

In light of the foregoing specific objections, and given the totality of the circumstances discussed *supra*, the Court agrees with Defendant's proposed reductions to the hours spent as

indicated in Plaintiff's counsel's affidavit. *See* Def. Ltr. at 4. Accordingly, applying the $450 hourly rate to that more conservative assessment of hours spent (4.8 hours) yields a reasonable total fee of $2,160.

## CONCLUSION

For the foregoing reasons, the Court awards Plaintiff a reduced amount of costs, expenses, and attorneys' fees in the amount of $2,637.00, comprised of $477 in costs and expenses and $2,160 in attorneys' fees, in addition to the parties' stipulated compensatory damages in the amount of $1,000. The Clerk is respectfully directed to enter judgment accordingly in favor of Plaintiff, in the amount of $3,637.00.

Dated: May 14, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge